UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERRY ANN WILEY,

      Plaintiff,

  v.                                 Civil Action 2:23-cv-138
                                       Judge Sarah D. Morrison
                                       Magistrate Judge Chelsey M. Vascura

ECDI (ECONOMIC COMMUNITY
DEVELOPMENT INSTITUTE), *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Sherry Ann Wiley, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint to § 1915(e)(2).

I.       STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff's Complaint alleges that she applied for a loan from Defendant Economic Community Development Institute ("ECDI") to provide startup funds for her nutritional beverage company, Restore & Evolve, LLC. ECDI denied Plaintiff's loan application for reasons that Plaintiff alleges are false. In particular, Plaintiff alleges that ECDI relied on false information on her credit report (e.g., that she had been lawfully evicted, had a felony conviction,

3

had been sued multiple times, and had defaulted on her mortgage). Plaintiff alleges that these discrepancies must be the result of ECDI reviewing someone else's credit history rather than her own. Plaintiff also alleges that ECDI denied her credit based on factors that ECDI representatives told her would not be a barrier to loan approval (e.g., that her credit score was low). Plaintiff further alleges that "someone else's credentials were switched with mine and they received the loan under my name and business name, which is Restore & Evolve, LLC." (Compl., ECF No. 1-1.)[1]

Plaintiff asserts a variety of claims including violations of the Clayton Act, Fair and Accurate Credit Transaction Act, federal identity theft and bank fraud statutes, the Ohio Administrative Code's prohibitions on bait advertising and deceptive practices, and the Ohio anti-swatting statute, as well as espionage, embezzlement, and disreputable conduct constituting grounds for suspension from practice before the Office of the Comptroller of the Currency. These claims are asserted against ten Defendants, including ECDI's officers and employees and the Secretary of the United States Department of Treasury.

Plaintiff's Complaint does not allege a plausible claim for relief. Plaintiff appears to allege both that ECDI reviewed someone else's credentials, resulting in the denial of Plaintiff's loan application, and that someone else submitted Plaintiff's credentials and was approved for a loan in Plaintiff's name. Both cannot be true. Moreover, Plaintiff's Complaint contains no plausible or non-conclusory allegations that might establish that ECDI engaged in anticompetitive conduct under the Clayton Act, that Plaintiff suffered any injury as a result of

---

[1] Plaintiff's *in forma pauperis* application and Complaint, which were duly filed on January 11, 2023, were placed under seal upon filing due to Plaintiff's inclusion of numerous instances of personally identifiable information, such as her driver's license, birth certificate, and social security card.

4

any alleged fraudulent inducement to submit a loan application to ECDI, that her identification documents were misused, that any espionage, embezzlement, or bank fraud occurred, that anyone reported false information to law enforcement in violation of Ohio's anti-swatting statute, or that any of the Defendants practice before the Office of the Comptroller of the Currency. All that Plaintiff has plausibly alleged is that her loan application was denied. Absent more, Plaintiff has not sufficiently stated any claim on which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** under § 1915(e)(2).

### III.  DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

The Clerk is **DIRECTED** to file Plaintiff's Complaint (ECF No. 1-1) on the public docket and to file the Complaint's Exhibits (ECF Nos. 1-2 and 1-3) under seal due to their inclusion of Plaintiff's personally identifiable information.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE