UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHERRY ANN WILEY,**

      **Plaintiff,**

  v.

**ECONOMIC COMMUNITY DEVELOPMENT INSTITUTE,** *et al.***,**

      **Defendants.**

:

:

:

Case No. 2:23-cv-138
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Sherry Ann Wiley is an Ohio resident proceeding without assistance of counsel. (*See* Compl.[1], ECF No. 3.) Ms. Wiley is a small business owner. (*Id.*) In 2022, she applied for a loan from the Economic Community Development Institute (ECDI), but her application was denied. (*Id.*) Through this action, Ms. Wiley asserts claims against ECDI and the United States Treasury Department for alleged bad acts in connection with the processing and treatment of her loan application. (*Id.*) Ms. Wiley generally alleges that

> ECDI knowingly uploaded wrong information from [her] application and supporting documents into their database that determines loan approval that is shared and seen by the entire state of Ohio financial

---

[1] Ms. Wiley's Complaint was first filed as an attachment to her Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) Because the initial filing contained sensitive personal information—including copies Ms. Wiley's social security card and driver's license—it was placed under seal, so as not to be publicly visible. The Complaint was subsequently filed on the public docket, with the exhibits filed under seal. (ECF No. 3.)

> agencies and seem [*sic*] by the U.S. Department of the Treasury if they see fit or [*sic*] audit.

(Compl., PAGEID # 199.) More specifically, she alleges that ECDI "switched" her application with "someone else's"—as a result, Ms. Wiley's loan application was denied (on the basis of "someone else's" credit history and credentials) and "someone else's" loan application was approved (on the basis of Ms. Wiley's credit history and credentials). (*Id.*, PAGEID # 203.) Ms. Wiley's Complaint asserts that ECDI's conduct, under the Treasury Department's watch, constitutes White Collar Crime, Anti-Trust Violations, Fraudulent Misrepresentation, Anti-Trust Collusion, Disreputable Conduct, Bait Advertising, Embezzlement, Identity Theft, Swatting, and Espionage. (*Id.*, PAGEID # 193.)

After performing an initial screen pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted. (R&R, ECF No. 4.) Ms. Wiley filed objections to the Report and Recommendation. (Objs., ECF No. 5.) If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge concluded that the Complaint fails to allege a plausible claim for relief. (R&R, PAGEID # 337.) She reasoned that Ms. Wiley's pleading

2

"contains no plausible or non-conclusory allegations" establishing the alleged claims—for example, "that ECDI engaged in anticompetitive conduct," that Ms. Wiley "suffered any injury as a result of any alleged fraudulent inducement to submit a loan application to ECDI," or "that her identification documents were misused." (*Id.*, PAGEID # 337–38.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. Ms. Wiley's Objections provide no basis otherwise. It is clear that Ms. Wiley believes a mistake has occurred—she disputes many of ECDI's reasons for denying her loan application, including an incorrect credit score and criminal history. But her Objections simply repeat the facts laid out in the Complaint without supplement or explanation as to why they support a claim for relief under the law.

Accordingly, Ms. Wiley's Objections (ECF No. 5) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 4). The Complaint is **DISMISSED**. Accordingly, Ms. Wiley's subsequent Motion to Speak with Judges (ECF No. 6), Motion to Serve (ECF No. 7), Motion for Case Status Update (ECF No. 10), and Motion for Entry of Default Judgment (ECF Nos. 12, 13) are **DENIED as moot**.

The Clerk is **DIRECTED** to **TERMINATE** this case.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**